IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: )<br>)<br>THOMAS E. NOBLE, )<br>)<br>Movant. ) | Misc. Action No. 16-177 -SLR |

| |
|---|
| THOMAS E. NOBLE, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>JOHN A. CERINO and anyone else )<br>colluding with him, )<br>)<br>Defendant. ) |

**MEMORANDUM**

1. **Introduction**. Movant Thomas A. Noble ("movant"), a pro se litigant, has engaged in filing numerous lawsuits that contain frivolous legal arguments that are vexatious and abuse the judicial process.[1] On September 13, 2004, United States District Judge Kent A. Jordan[2] entered an order enjoining movant from filing any pro se civil rights complaints without prior approval of the court. See D.I. 1, ex.; *Noble v. Becker,* Civ. No. 03-906-KAJ, D.I. 12. In *Noble v. Becker,* Civ. No. 03-906-KAJ, movant was given notice to show cause why injunctive relief should not issue, *see Gagliardi v. McWilliams,* 834 F.2d 81, 83 (3d Cir. 1987); he responded to the show cause order, but

---

[1] Movant's litigation history as a "habitual litigant" is more fully described in the court's January 15, 2004 show cause order. See Civ. No. 03-906-KAJ, D.I. 7.

[2] In 2006, Judge Jordan was elevated to the United States Court of Appeals for the Third Circuit.

"did not show cause" why the order should not be entered (see Civ. No. 03-906-KAJ, D.I. 7 and D.I. 12 at 4). The barring order issued, and movant did not appeal.

2. **Discussion**. Movant requests leave to file a complaint against Clerk of Court John Cerino ("Clerk of Court"). (D.I. 1) He contends leave is appropriate because the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 103-134, 110 Stat. 1321 (1996), is inapplicable to individuals who are not incarcerated, and it allows inmates to file a complaint when the filing fee is paid. (Id.) He also argues that the court lacks constitutional authority to require him to seek prior approval to file a complaint if he pays the filing fee.

3. The court notes that the barring order does not refer to movant's status as an incarcerated or non-incarcerated individual, or as a plaintiff who pays the filing fee or who proceeds in forma pauperis. The order barring movant speaks to his status as a pro se litigant and to cases he files alleging violations of his civil rights. Here, movant proceeds pro se and his proposed complaint against the Clerk of Court alleges violations of his civil rights under 42 U.S.C. §§ 1983 and 1985. Therefore, the order barring movant from filing civil rights cases without prior court approval applies to the proposed complaint.

4. In movant's proposed complaint, he alleges that he was served the September 13, 2004 barring order for the first time on June 18, 2016. The court docket reflects that movant was served a copy of the order through the United States mail in September 2004 after the order was entered and docketed, following the normal procedures of the Clerk's Office. See Civ. No. 03-906-KAJ at D.I. 12, stating "copies to

Pltf." *See also In re: Cedant Corp. Prides Litigation*, 311 F.3d 298, 304 (3d Cir. 2002) (proof of procedures followed in regular course of operations gives rise to a strong inference item properly addressed and mailed). The order was sent to the address provided by movant at 601 Central Avenue, New Castle, Delaware 19720[3] and was not returned as undeliverable. *See Lupyan v. Corinthian Colleges Inc.*, 761 F.3d 314, 319 (3d Cir. 2014) (under mailbox rule, if letter properly directed is proved to have been either put into the post-office or delivered to the postman, it is presumed that it reached its destination at regular time, and received by the person to whom it was addressed). Also, the court was advised that, after movant received a copy of the September 13, 2004 order as an attachment to dismissal orders of recently filed cases (*see* Civ. No. 16-407-SLR at D.I. 6; Civ. No. 16-439-SLR at D.I. 3),[4] he telephoned the Clerk's Office and advised Clerk's Office personnel that he was aware of the order that barred him from filing new civil rights actions, but he did not believe it applied if he paid the filing fee.[5]

5. Finally, the proposed complaint raises claims that are legally frivolous and, because the Clerk of Court is immune from suit, there is no curative amendment.

---

[3] Movant's address has not changed through the years. He has provided his address as 601 Central Avenue, P.O. Box 524, New Castle, Delaware 19720, in numerous cases he has filed in this and other courts. *See e.g., Noble v. Becker*, 04-5997-MLC (E.D. Pa.), filed Dec. 23, 2004, closed Mar. 30, 2009; *In re Thomas A. Noble*, No. 10-1496 (3d Cir.), filed December 21, 2009. In this instant matter, movant provides an address of P.O. Box 524, New Castle, Delaware 19720.

[4] These two cases were opened in error and closed when it was discovered that movant did not seek approval as required by the court. The cases were closed and movant's filing fee payments were refunded.

[5] Movant did not appeal the September 13, 2004 barring order.

3

Movant alleges that the Clerk of Court is ethically barred from assigning movant's case, presumably referring to judge assignments. He alleges that the September 13, 2004 barring order is unconstitutional and that the copy was sent to him in bad faith with some of its contents highlighted. Movant addresses the contents of the order and alleges the court lacks authority to require him to seek approval before filing a civil rights complaint when he pays the filing fee as discussed above in paragraphs 2 and 3.

6. All of the actions complained of fall within the realm of the Clerk of Court's functions in assisting with the judicial process. *See Marcedes v. Barrett*, 453 F.2d 391 (3d Cir. 1971) (quasi-judicial immunity applied to clerk of court). There are no allegations that the Clerk of Court acted beyond his discretion, outside the scope of his duties, or contrary to his direction as a court officer. *See Malcomb v. Peaver Cnty. Pa. (Prothonotary)*, 616 F. App'x 44, 45 (3d Cir. 2015) (unpublished). The allegations are frivolous given the Clerk of Court's immunity from suit and no amendment could cure these non-cognizable claims.

7. **Conclusion**. Therefore, the motion to file is **denied**. (D.I. 1) *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (the court has inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."). A separate order shall issue.

Dated: June 24, 2016

_____
UNITED STATES DISTRICT JUDGE