IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| THOMAS E. NOBLE, ) | Misc. Action No. 16-177 -SLR |
| ) | |
| Movant. ) | |

| | |
|---|---|
| THOMAS E. NOBLE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| JOHN A. CERINO and anyone else ) | |
| colluding with him, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

At Wilmington this 3rd day of August, 2016, having considered movant's motion for reconsideration (D.I. 4);

IT IS ORDERED that the motion for reconsideration (D.I. 7) is **denied**, for the following reasons:

1. **Motions for Reconsideration.** Movant moves for reconsideration of the June 29, 2016 memorandum and order (D.I. 2, 3) that denied his motion to file. Movant seeks reconsideration on the grounds that the undersigned is ethically barred from movant's cases and erred in denying the motion.

2. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law;

(2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

3. After carefully considering the motion, the court finds that movant has failed to demonstrate grounds that warrant reconsideration of the court's June 29, 2016 memorandum and order. Therefore, the motion will be denied.

4. **Conclusion.** For the above reasons, the court will deny the motion for reconsideration. (D.I. 4) A separate order shall issue.

_____
UNITED STATES DISTRICT JUDGE

2